

APR 29 2019

CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIANNA MONTEZ, as an individual,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>CHASE HOME FINANCE LLC and JP MORGAN CHASE, N.A., DOES 1 through 5,<br><br>　　　　　　Defendants. | Case No.: 3:18-cv-02899-BEN-LL<br><br>**ORDER DENYING MOTION TO RECUSE OR DISQUALIFY DISTRICT COURT JUDGE**<br><br>[Doc. No. 6] |

Before the Court is Plaintiff Dianna Montez's ("Plaintiff") Motion to Recuse, or in the alternative, Disqualify District Judge Roger T. Benitez ("Motion") from presiding over this suit. Defendants Chase Home Finance LLC and JP Morgan Chase, N.A. (collectively "Defendants") have not filed a Response to Plaintiff's Motion. For the reasons stated below, the Motion is **DENIED**.

Plaintiff moves to recuse under 28 U.S.C. § 455, and 28 U.S.C. 144. Under 28 U.S.C. § 455(a), any judge "of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."[1] 28 U.S.C. §

---

[1] The test for apparent bias sufficient to require dismissal under § 455(a) is an objective one: "whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *Herrington v. Sonoma Cnty.*, 834 F.2d 1488, 1501 (9th Cir. 1987) (quoting *United States v. Nelson*, 718 F.2d 315, 321 (9th Cir. 1983)). In this context, a "reasonable person" is not someone who is "hypersensitive or unduly suspicious," but rather a "well-informed, thoughtful
1

455(a). Likewise, under 28 U.S.C. § 144, a judge should recuse himself when a party "makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party[.]" 28 U.S.C. 144. Thus, the standard for recusal under both 28 U.S.C. § 144 and 455 is whether "a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *Matter of Yagman*, 796 F.2d 1165, 1179 (9th Cir. 1986).

Plaintiff alleges recusal is warranted due to the undersigned's financial interest in Defendant JP Morgan Chase, N.A. Specifically, his 2011 Financial Disclosure Report ("Report") indicates stock ownership in Chase Manhattan.[2] Thus, "any reasonable mind would look at the Report and believe that this suit against Chase will result in the case being dismissed even if it is pled with the legal sufficiency to proceed." (Doc. No. 6 at 3.) Despite Plaintiff's claim, the undersigned does not own stock in Chase or possess any financial interest in Defendant JP Morgan Chase, N.A.

**1. Judge Benitez Has No Financial Interest in the Subject Matter in Controversy or in a Party to the Proceeding.**

Generally, aside from a few inapplicable exceptions, "financial interest" is defined as "ownership of a legal or equitable interest, however small, or a relationship as a director, adviser, or other active participant in the affairs of a party." 28 U.S.C. § 455(d)(4). Here, the undersigned's accounts do not constitute a legal or equitable interest in the subject matter in controversy or in a party to the proceeding.

---

observer" who "understand[s] all the relevant facts" and "has examined the record and law." *United States v. Holland*, 519 F.3d 909, 912 (9th Cir. 2008). This standard does not mandate recusal upon the mere "unsubstantiated suspicion of personal bias or prejudice." *Id.*

[2] "...there indeed appears to be a conflict pursuant to the 2011 Financial Disclosure Statement (See attached to Declaration of Amid T. Bahadori as Exhibit 1) in that Judge Benitez owns stock in Chase." (Doc. No. 6 at 3.)

2

Summary review of section VII (*Investments and Trusts*) of the undersigned's 2011 Report reveals three entries listing "Chase" or similar delineation as the assigned "Description of Asset." (Doc. No. 6 at 3.) Specifically, entry 60 lists (*Washington Mutual-now Chase Bank-aggregate*), entry 69 lists (*Chase Manhattan-aggregate*) and entry 71 lists (*Chase Manhattan-aggregate*) in the Description of Asset field.[3] (Doc. No. 6-1 at 13-14.) While Plaintiff alleges such entries are conclusive proof of ownership of stock in Chase, that assumption is mistaken. The Chase accounts in question are <u>NOT</u> *stock holding* accounts, but bank accounts (*such as a checking or savings*). Moreover, entry 69 refers to a *closed* account, while entry 71 was held *ONLY* as the Executor of an Estate.

Thus, there were no stock holdings in Chase as alleged by the Plaintiff. Nor are there any other legal or equitable interests which could potentially affect the outcome of this suit. Moreover, the undersigned has no authority to act as a director, adviser, or any other active participant in Defendants business affairs.

Therefore, the Court finds that it need not recuse itself from presiding over this suit for allegedly holding a financial interest in Defendant Chase under 28 U.S.C. § 455.

**2. Judge Benitez's Accounts Do Not Constitute an Interest that Could Be Substantially Affected by the Outcome of the Proceeding.**

The Court next looks to see if knowledge of the accounts would lead a reasonable person with knowledge of all the facts to question his impartiality.

Here, the crux of Plaintiff's argument is that since the undersigned once maintained three bank accounts at a financial banking entity owned by Defendants, he must, therefore, be biased in this case. Such an argument is speculative and lacks merit. Furthermore, "practical problems abound if recusal is required whenever a judge benefits

---

[3] The Report reflects three entries for Chase or Chase Manhattan bank accounts: (60) Washington Mutual-(*now Chase Bank – aggregate*); (69) Chase Manhattan (*aggregate*); and (71) Chase Manhattan (*aggregate*).

3

3:18-cv-02899-BEN-LL

1  simply as a member of the common populace," as "[t]here is much litigation today that
2  can have far-reaching effects on large segments of the nation." *N.M. Natural Gas*
3  *Antitrust Litig.*, 620 F.2d at 797. Undoubtedly, a large segment of California residents
4  maintain similar accounts. This is not a close case—the effect of having a Chase
5  Manhattan bank account is simply too attenuated and indirect to require the
6  disqualification of any judge who might also hold a similar account. Moreover, it would
7  be a stretch for a reasonable person with knowledge of all the facts of this case to
8  question this Court's impartiality.
9      Therefore, the Court finds it need not recuse itself for alleged bias under 28 U.S.C.
10 § 455(b)(4).

### 3. Recusal Under 28 U.S.C. 144 is Not Warranted Based on Speculation

12     Lastly, Plaintiff seeks recusal pursuant to 28 U.S.C. § 144. Under 28 U.S.C. § 144,
13 a party may challenge a district court judge if the judge "has a personal bias or prejudice
14 either against him or in favor of any adverse party." *See* 28 U.S.C. § 144. 28 U.S.C. §
15 144 differs from 28 U.S.C. § 455 in that § 144 requires proof of actual bias whereas §
16 455 requires only the reasonable appearance of bias. *Id.*
17     In this case, Plaintiff speculates—but does not offer—any actual evidence of
18 judicial bias towards Plaintiff, or in favor of the Defendant. Plaintiff's proof is simply
19 that, "... Judge Benitez's financial disclosures reveal a stock ownership interest in
20 CHASE...." as described in the Declaration of Amid T. Bahadori. (Doc. No. 6-1 at 6.)
21 This statement is not only speculative but also factually inaccurate. As described *supra*,
22 the accounts which are the focus of Plaintiffs Motion were not stock holdings, but bank
23 accounts. Furthermore, Plaintiff fails to offer any additional evidence to support her
24 claim under 28 U.S.C. 144.
25     Therefore, the Court finds no need to recuse itself for actual bias under 28 U.S.C. §
26 144.
27     Accordingly, this Court has thoroughly considered all circumstances relevant to the
28 merits of the Plaintiff's Motion. This Court harbors no personal bias or prejudice

towards Plaintiff, Defendant or any other party to this case. Moreover, Plaintiff has made no showing that a reasonable and informed observer would question this court's impartiality. Therefore, Plaintiff's Motion for Recusal or Disqualification is hereby **DENIED**.

**IT IS SO ORDERED.**

Dated: April 29, 2019

_____
HON. ROGER T. BENITEZ
United States District Judge