UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIANNA MONTEZ, as an individual,<br><br>Plaintiff,<br><br>v.<br><br>CHASE HOME FINANCE LLC and JP MORGAN CHASE, N.A., DOES 1 through 5,<br><br>Defendants. | Case No.: 3:18-cv-02899-BEN-LL<br><br>**ORDER GRANTING MOTION TO DISMISS FIRST AMENDED COMPLAINT**<br><br>**[Doc. No. 9]** |

Before the Court is Defendants Chase Home Finance LLC and JP Morgan Chase, N.A. (collectively "Defendants") Motion to Dismiss Plaintiff Dianna Montez's ("Plaintiff") First Amended Complaint ("Motion"). Defendants move to dismiss the First Amended Complaint ("FAC") pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff filed a Reply to the Motion on March 13, 2019, to which Defendants Responded on March 29, 2019. (Doc. Nos. 10, 12.) The Court finds this matter appropriate for resolution without oral argument. *See* Fed.R.Civ.P. 78. Having considered the Motion, Plaintiff's Opposition, and Defendant's Reply, the Court **GRANTS** Defendants Motion.

## BACKGROUND

Plaintiff previously filed a lawsuit in this court against Defendants. (*See Dianna Montez v. Chase Home Finance LLC, et al., (Mendez I)*, 3:11-cv-00530-JLS-WMC). In

1

1  that case, Plaintiff amended her Complaint twice (Doc. Nos. 15 and 53) challenging

2  Chase's loan modification process.

3  On February 1, 2016, the district court entered an order granting Chase's Motion to

4  Dismiss the SAC with leave to amend no later than February 17, 2016 (the "MTD Order").

5  (Doc. No. 9-1 at 3.) On February 11, 2016, prior to amending her SAC, Plaintiff filed a

6  Notice of Appeal with the Ninth Circuit seeking review of the MTD Order. *Id.*

7  On February 25, 2016, the district court entered an order dismissing the action with

8  prejudice for Plaintiff's failure to timely amend her SAC (the "Dismissal Order") and

9  entered a judgment in favor of Chase (the "Judgment"). *Id.* Plaintiff did not timely file a

10 Notice of Appeal as to the Dismissal Order or the Judgment. *Id.* On January 29, 2018, the

11 Ninth Circuit affirmed the district court's decision by declining to consider the Plaintiff's

12 challenge to the MTD Order and finding that Plaintiff forfeited any right to challenge the

13 Dismissal Order and Judgment. *Id.*

14 Plaintiff filed the Complaint in this action on December 28, 2018, followed by a

15 First Amended Complaint ("FAC") on February 15, 2019. (*Mendez II*) (Doc. Nos. 1 and

16 7.) *Id.* Plaintiff's FAC asserts a single claim against Defendants for fraud on the court.

17 *Id.*

18 Defendant moves to dismiss, arguing that Plaintiff's claim: (1) is barred by *res*

19 *judicata*, (2) fails to state a claim for fraud on the court, and (3) is not pleaded with enough

20 specificity. (Doc. No. 9-1 at 2.)

21 Plaintiff filed a Response contending that her FAC "directly addresses the main issue

22 that has persisted through the history of her cases being that she seeks to bring to light the

23 fraud issues, clearly identify the misrepresentations and the parties who made them." (Doc.

24 No. 10 at 2.)

25 Defendant Replied arguing that Plaintiff failed to refute any of the three grounds on

26 which it moved to dismiss the FAC. (Doc. No. 12 at 2.)

27 The Court **GRANTS** Defendants Motion to Dismiss.

28 ///

2

## LEGAL STANDARD

A motion to dismiss pursuant to Federal Rule of Civil Procedure Rule 12(b)(6) tests the legal sufficiency of the claims asserted. *Ileto v. Glock, Inc.*, 349 F.3d 1191, 1199-200 (9th Cir. 2003). A Rule 12(b)(6) dismissal is proper where there is either a "lack of a cognizable legal theory," or "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1988).

The court need not, however, accept as true unreasonable inferences or conclusory allegations cast in the form of factual allegations. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do"). Thus, a plaintiff's complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' … A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Twombly*, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)" (citations omitted)).

## DISCUSSION

### A. Failure to State a Claim ("*Fraud on the Court*")

Plaintiff's FAC contains a single claim for relief alleging fraud on the court based on alleged misstatements perpetuated by Defendants, their attorneys, and Plaintiff's prior attorneys which were aided allegedly by Judge Sammartino in *Mendez I*. As a result, Plaintiff argues her loan, as it currently sits, "should be voided due to the fraud upon the court" perpetrated by the parties. Defendants argue that Plaintiff's claim for fraud on the court fails as a matter of law.

The Ninth Circuit has explained that "[b]ecause the power to vacate for fraud on the court 'is so great, and so free from procedural limitations,' 11 Wright & Miller § 2870, we have held that "not all fraud is fraud on the court." *Stonehill*, 660 F.3d at 444 (citing *In re Levander*, 180 F.3d 1114, 1119 (9th Cir. 1999)). "In determining whether fraud constitutes fraud on the court, the relevant inquiry is not whether fraudulent conduct prejudiced the opposing party, but whether it harmed the integrity of the judicial process." *Id.* (*quoting Alexander v. Robertson*, 882 F.2d 421, 424 (9th Cir. 1989)) (quotations omitted). "Fraud on the court involves 'far more than an injury to a single litigant.'" *Id.* (*citing Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238, 246 (1944)).

Courts have derived their definition of "fraud on the court" primarily from Professor Moore, who wrote the following in *Moore's Federal Practice*:

> "Fraud upon the court" should, we believe, embrace only that species of fraud which does or attempts to, defile the court itself, or is a fraud perpetrated by officers of the court so that the judicial machinery cannot perform in the usual manner its impartial task of adjudging cases that are presented for adjudication.

*In re Levander*, 180 F.3d 1114, 1119 (9th Cir. 1999). Stated alternatively, a "'fraud on the court' occurs where it can be demonstrated, clearly and convincingly, that a party has sentiently set in motion some unconscionable scheme calculated to interfere with the judicial system's ability impartially to adjudicate a matter by improperly influencing the trier or unfairly hampering the presentation of the opposing party's claim or defense." *Aoude v. Mobile Oil Corp.*, 892 F.2d 1115, 118 (1st Cir. 1989) (citing *Alexander v. Robertson*, 882 F.2d 421 424 (9th Cir. 1989)).[1]

---

[1] The concept of fraud on the court has no basis in statute but began as a court-created equitable device to remedy injustices under the court's "inherent power." *Hazel-Atlas Glass Co., v. Hartford-Empire Co.*, 322 U.S. 238, 248 (1944). It, like other forms of equitable judicial relief, is "a judicially devised remedy fashioned to relieve hardships which, from time to time, arise from a hard and fast adherence to another court-made

In this case, the Court first concludes the Plaintiff failed to state a claim for "fraud on the court" because there is no private right of action based on the alleged harm. Despite Plaintiff's contention to the contrary, the Court cannot locate any case recognizing a federal right of action for damages resulting from a fraud on the court. *See Coultas v. Payne*, 2016 WL 740421, CIV. No. 3:11-cv-00045-AC. Instead, it is a theory pursuant to which a party may seek relief from a judgment or court order induced based on the opposing party's fraud.[2] *See Hazel-Atlas*, 322 U.S. at 248 (discussing rescission of a judgment or order as the only remedy in a fraud on the court claim.)

Thus, to the extent that Plaintiff is seeking general, punitive and/or exemplary damages, she cannot state a claim upon which relief can be granted, because no such cause of action exists under federal law. (Doc. No. 7 ¶¶ C and F.)

Second, even if the issue of fraud on the court was not precluded, it fails as a matter of law because Plaintiff does not and cannot plausibly allege fraud on the court. "An independent action to set aside a judgment for fraud on the court is reserved for those cases of injustices which, in certain instances, are deemed sufficiently gross to demand a departure from rigid adherence" to preclusion principles. *Appling v. State Farm Mut. Auto. Ins. Co.*, 340 F.3d 769, 780 (9th Cir. 2003) (quotation omitted). An independent action must rest on "misconduct that harm[s] the integrity of the judicial process" through conduct that defiles or attempts to "defile the court itself, or is a fraud perpetrated by officers of the court so that the judicial machinery cannot perform in the usual manner its impartial task of adjudging cases that are presented for adjudication." *Id*.

---

rule, the general rule that judgments should not be disturbed after the term of their entry has expired." *Id*.

[2]   Under federal law, fraud on the court is an equitable doctrine justifying the setting aside of a federal judgment. *See United States v. Stonehill*, 660 F.3d 415, 443-444 (9th Cir. 2011) (*citing Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991)); *see also* Fed. R. Civ. P. 60(b)(3) (judgment may be set aside based on fraud on the court, misrepresentation or other misconduct by an opposing party).

1   Here, Plaintiff argues that Chase fraudulently stated Plaintiff missed a trial loan

2   modification payment, which led to the *Mendez I* Court's entry of an erroneous judgment.

3   (Doc. No 9-1 at 6-7.)   However, *Mendez I* was not dismissed because of an alleged

4   representation by Chase.  *Mendez I* was dismissed because Plaintiff failed to timely file a

5   Third Amended Complaint ("TAC").  The Courts February 2, 2016 Order (Doc. No. 68)

6   gave Plaintiff 14 days from the date of the Order in which to submit a TAC. *Id*. at 7.  The

7   *Mendez I* record reflects, no TAC was ever submitted.  Moreover, in this case, Plaintiff

8   admits no TAC was submitted.  (Doc. No. 9-1 at 6.)   The Court notes that Plaintiff's

9   explanation for why she chose not to submit a TAC falls well short of providing ANY

10  justification for reversing the *Mendez I* dismissal Order or judgment.[3]

11  Finally, the Ninth Circuit's January 29, 2018 order affirming "the district court"

12  found that Plaintiff forfeited any right to challenge the Dismissal Order and Judgment in

13  *Mendez I*.  Doc. No. 9-1 at 3.

14  For these reasons, Plaintiff's claim for fraud on the court is dismissed with prejudice

15  and without leave to amend.  The Court concludes this claim cannot be remedied by

16  additional pleading.

17  Therefore, the Court **GRANTS** the Defendant's Motion to Dismiss with prejudice.

18  **B. Res Judicata**

19  Alternatively, Defendants argue that Plaintiff's claim is barred by the doctrine of *res*

20  *judicata*.  A defendant may raise the affirmative defense of *res judicata* or collateral

21  estoppel by way of a motion to dismiss under Rule 12(b)(6).  *Rees v. Verizon California,*

22  *Inc.*, No. CV11-01934 SJO (JEMX), 2011 WL 13193421, at *2 (C.D. Cal. Aug. 11, 2011),

23  *aff'd*, 498 F. App'x 980 (Fed. Cir. 2012).

24

25

26  [3]    "Plaintiff did not file an amended complaint in her previous action because the
27  outcome of the preceding motion to dismiss had essentially rendered Plaintiff's claims
    devoid of any real ability to proceed.  Plaintiff seeks to bring the fraud issues to light and
28  to clearly identify the misrepresentations and the parties who made them." (Doc. No. 10
    at 2.)

3:18-cv-02899-BEN-LL

The doctrine of *res judicata* precludes "successive litigation of the very same claim, whether or not relitigation of the claim raises the same issues as the earlier suit." *Taylor v. Sturgell*, 553 U.S. 880 (2008) (citing *New Hampshire v. Maine*, 532 U.S. 742, 748 (2001)). *Res judicata* provides that a final judgment on the merits of a case is "a finality as to the claim or demand in controversy, concluding parties and those in privity with them, not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which *might* have been offered for that purpose." *Nevada v. United States*, 463 U.S. 110, 130 (1983) (citing *Cromwell v. County of Sac.*, 94 U.S. 351, 352 (1877)) (emphasis added). For *res judicata* to apply, there must be: "(1) an identity of claims, (2) a final judgment on the merits, and (3) identity or privity between parties." *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 713 (9th Cir. 2001) (citing *W. Radio Servs. Co. v. Glickman*, 123 F.3d 11889, 1191 (9th Cir. 1997).

## 1. "Identity of Claims" Requirement

In determining whether there is an identity of claims, the Court analyzes the following factors: (1) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the two suits involve infringement of the same right; and (4) whether the two suits arise out of the same transaction nucleus of facts. *United States v. Liquidators of European Fed. Credit Bank*, 630 F.3d 1139, 1150 (9th Cir. 2011) (citing *Constantini v. Trans World Airlines*, 681 F.2d 1199, 1201-02 (9th Cir. 1982)). In determining the identity of claims, the fourth is the "central criterion." *Frank v. United Airlines, Inc.*, 216 F.3d 845, 851 (9th Cir. 2000). When the same set of facts gives rise to the harm alleged in both actions, such that the claims in the second action could have been brought in the first, the actions share a transactional nucleus of fact. *See Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency*, 322 F.3d 1064, 1078 (9th Cir. 2003); *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 714 (9th Cir. 2001). *Res judicata* thus bars "all grounds for recovery which could have been asserted [in the prior action], whether they were or not." *McClain v. Apodaca*, 793

F.2d 1031, 1033 (9th Cir. 1986) (quoting *Ross v. Int'l Brotherhood of Electrical Workers*, 63 F.2d 453, 457 (9th Cir. 1980)).

When allegations "arise out of the same transactional nucleus of facts," they are considered identical. *Owens*, 244 F.3d at 714 (quoting *Frank*, 216 F.3d at 851). *Mendez I* and the instant action both encompass facts regarding Plaintiff's mortgage on real property located in San Diego, California. Plaintiff's claims arise from the question of whether Defendants can institute a nonjudicial foreclosure of the Property.

Plaintiff's FAC in the instant action mirrors language and allegations from *Mendez I*. The Court notes that a substantial amount of the allegations of the instant FAC are identical to the allegations of the *Mendez I* SAC. (Compare FAC ¶¶ 12-86 with RJN, EX A ¶¶ 12-86.)

While Plaintiff raises a new claim for fraud on the court, it is based on her allegation that, in *Mendez I*, Chase fraudulently stated that Plaintiff missed a trial loan modification plan payment. (Doc. No. 9-1 at 5.) Since the harm complained of in the FAC arose at the same time as that in *Mendez I*, "there [is] no reason why the plaintiff could not have brought the claim in the first action." *Liquidators*, 630 F.3d at 1151. *See also U.S. ex rel. Barajas v. Northrop Corp.*, 147 F.3d 905, 909 (9th Cir. 1998) (holding that *res judicata* bars relitigation of all grounds of recovery if they could have been asserted in the previous action). Moreover, Plaintiff expressly alleged that "[t]his misrepresentation was properly pled in the underlying complaint" of *Mendez I* (FAC ¶ 5), which it was (RJN, Ex. A ¶ 67-69).

Therefore, both actions involve the alleged infringement of the same rights and arise out the same transactional nucleus of facts.

### 2. Final Judgment on the Merits

Before a defendant can raise *res judicata* as a defense in the second lawsuit, there must be a final judgment on the merits in the first lawsuit. *See Tahoe-Sierra Pres. Council, Inc.*, 322 F.3d at 1081. "'The established rule in federal courts is that a final judgment retains all of its *res judicata* consequences pending decision of the appeal.'" *Tripati v.*

*Henman*, 857 F.2d 1366, 1367 (9th Cir. 1988) (quoting 18 C. Wright, A. Miller & E. Cooper, *Fed. Practice & Procedure* § 4433, at 308 (1981)). Under Rule 41(b), a plaintiff's failure to comply with the Federal Rules of Civil Procedure results in an involuntary dismissal, which operates as an adjudication on the merits unless otherwise specified in the dismissal order. *See* Fed.R.Civ.P. 41(b).

Here, the requirement for a final judgment on the merits is satisfied. Plaintiff's SAC in *Mendez I* was dismissed with prejudice, and dismissal was affirmed by the Ninth Circuit. A dismissal with prejudice is a final judgment on the merits. *See Stewart v. U.S. Bancorp*, 297 F.3d 953, 956 (9th Cir. 2002). Therefore, the dismissal of *Mendez I* constitutes a final judgment on the merits.

### 3. "Same Parties" or "In Privity" Requirement

A fundamental tenet of *res judicata* is that a prior judgment binds and benefits only the parties to the previously decided action. *See Taylor v. Sturgell*, 553 U.S. 880, 892 (2008) (citing *Hansberry v. Lee*, 311 U.S. 32 (1940)). However, several exceptions "temper this basic rule," allowing those in privity with the parties to the previously-decided action to assert *res judicata*. *Id.* at 884. The Supreme Court has recognized six categories of exception to the rule against nonparty preclusion. *Id.* at 893-95. Privity may exist between a party and a nonparty where: (1) the nonparty contractually agrees to be bound by the judgment; (2) there is a "substantive legal relationship" between the party to be bound and a party to the judgment; (3) the party "adequately represented" the nonparty's interests; (4) the nonparty "assumed control" over the initial litigation; (5) the nonparty is now relitigating as a proxy for the party; or (6) a statutory scheme prohibits "successive litigation by nonlitigants." *Id.*

In the instant case, Plaintiff's FAC alleges conduct that "predate[s] the filing of *Mendez I* and therefore involves the same claims as the previous action. (*See* Doc. No. 9-1 at 5.) Plaintiff's Response does not directly address *res judicata* other than to state "Plaintiff's current complaint direct addresses the main issue that has persisted through the history of Plaintiff's cases." (Doc. No. 10 at 2.) For the reasons stated, the Court concludes

that the suit is barred by *res judicata*. Here, the Defendants are the same parties as those named in *Mendez I*. Therefore, all three factors required for the application of *res judicata* are met, barring Plaintiff's FAC.

Therefore, the Court also **GRANTS** the Defendant's Motion to Dismiss for *res judicata*.

**C. Alleged Fraud Not Plead with Sufficient Specificity (*Particularity*)**

Finally, Defendant argues that Plaintiff failed to plead fraud with enough specificity. Plaintiff contends she has alleged enough facts to support her cause of action for fraud. (Doc. No. 10 at 3.)

Federal pleading standards require only a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Although this standard requires that a claim be 'plausible on its face,' it does not require that a complaint contain 'detailed factual allegations.'" *Sheppard v. David Evans & Assoc.*, 694 F.3d 1045, 1048-49 (9th Cir. 2012) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). A claim must nonetheless contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id*. (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).[4]

In this case, because the Court has found that fraud on the court is not a cognizable claim for relief and alternatively that *res judicata* bars this suit, it need not address the remaining merits of Defendants final 12(b)(6) argument. Generally, leave to amend a complaint which has been dismissed should be freely granted. Fed.R.Civ.P. 15(a).

---

[4] Federal Rule of Civil Procedure 9(b) imposes a heightened pleading standard on a party alleging fraud. *See* Fed. R. Civ. P. 9(b) (requiring a party to "state with particularity the circumstances constituting fraud or mistake"). Rule 9(b) requires that averments of fraud be specific enough to give the opposing party notice of the particular misconduct to allow the opposing party to defend against the charge and not just deny that it has done anything wrong. *See Vess v. CIBA—Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) ("Averments of fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct charged.").

However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986); *see Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).  Such is the case here.

## CONCLUSION

Therefore, the Defendants Motion to Dismiss is hereby **GRANTED**.

**IT IS SO ORDERED.**

Dated:  May 1, 2019

_____
**HON. ROGER T. BENITEZ**
United States District Judge

3:18-cv-02899-BEN-LL